OPINION OF THE COURT
Per Curiam.
By order of the Supreme Court of Florida dated March 6, 2008 (979 So 2d 220 [Fla 2008] [table; text at 2008 WL 613157, 2008 Fla LEXIS 497 (2008)]), the respondent was disbarred, upon his default, from the practice of law in that state. After being served with a notice of the Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) pursuant to 22 NYCRR 691.3 for the imposition of reciprocal discipline, the respondent submitted a verified response and demand for hearing dated October 6, 2008. The respondent raised the defense that the imposition of discipline by this Court would be unjust. He attributed his default in the Florida proceeding to “an acute major depressive episode” triggered by a series of traumatic events culminating in his father’s death. The respondent admitted that the errors leading to his problems with the Florida bar were of his own making, including his default, and he conceded that he could not, in good faith, assert either of the first two defenses to the imposition of reciprocal discipline set forth in 22 NYCRR 691.3 (c) (1) and (2), i.e., lack of notice or infirmity of proof, respectively. With regard to the defense set forth in 22 NYCRR 691.3 (c) (3) that the imposition of reciprocal discipline would be unjust, the respondent asserted that “it is fundamentally unfair to so severely punish a man who was sick and is now welling.” The respondent submitted that the imposition of the Florida sanction would constitute rubber stamping of a vindictive, disproportionate, and unjust decision.
The respondent appeared at the Grievance Committee’s offices on March 27, 2009 for a preliminary conference. On that date, the respondent served the Grievance Committee with a second amended verified response and demand for a hearing seeking, for the first time, to interpose the two additional defenses to the imposition of reciprocal discipline pursuant to 22 NYCRR 691.3 (c) (1) and (2). A Special Referee disallowed the *362 additional two defenses, and refused to admit any evidence which had already been considered in Florida. A hearing was conducted before the Special Referee on May 29, 2009. The respondent testified on his own behalf.
After a full hearing and review of the documentary evidence submitted by the Grievance Committee, as well as the respondent’s exhibits, the Special Referee found that the respondent had not met his burden of proof with respect to the defense set forth in 22 NYCRR 691.3 (c) (3) that the imposition of reciprocal discipline would be unjust. The Grievance Committee now moves to confirm the Special Referee’s report and to impose such discipline as the Court may deem just and proper. The respondent has neither cross-moved nor submitted any papers in response to the Grievance Committee’s motion.
The Florida disbarment was based upon three counts of misconduct and the aggravating factors consisting of five prior Florida disciplinary proceedings between June 23, 2004 and May 18, 2007, which resulted in the issuance of three admonishments, a 91-day suspension, an adjudication of contempt, and an indefinite suspension in an order dated May 18, 2007 (969 So 2d 1017 [Fla 2007] [table; text at 2007 Fla LEXIS 988, 2007 Fla LEXIS 973 (2007)]). The respondent failed to advise the New York authorities of his disbarment or his prior disciplinary history.
The respondent’s misconduct consisted of neglect of a legal proceeding entrusted to him, misrepresentations with respect to the status of that matter and the scope of his retainer, failure to cooperate with the disciplinary authorities, and continuing to practice law while in “delinquent” status.
The Special Referee concluded that the respondent’s misconduct which was the basis of the Florida discipline would similarly constitute a basis for discipline in New York. He found the respondent’s assertions of severe depression rendering him incapable of defending himself in Florida not supported by the record of proceedings in that state or the proofs offered in this proceeding. Accordingly, the Special Referee found that the respondent did not sustain his burden of proof with respect to the defense that the imposition of reciprocal discipline would be unjust.
We find that the defense asserted to the imposition of reciprocal discipline has not been sustained. Accordingly, the Grievance Committee’s motion to confirm the Special Referee’s report is granted and, effective immediately, the respondent is disbarred on the basis of the Florida discipline.
*363 Prudenti, P.J., Rivera, Skelos, Fisher and Covello, JJ., concur.
Ordered that the petitioner’s application is granted; and it is further,
Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Robert A. Rudolph, admitted as Robert Alvarez Rudolph, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
Ordered that the respondent, Robert A. Rudolph, admitted as Robert Alvarez Rudolph, shall promptly comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Robert A. Rudolph, admitted as Robert Alvarez Rudolph, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Robert A. Rudolph, admitted as Robert Alvarez Rudolph, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).